Stasyshyn v. Holder

BIA
Vomacka, IJ
A088 935 745

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen.

PRESENT:
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

VIKTORIYA STASYSHYN,
> *Petitioner,*

> v.                                        12-4999
>                                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Daniel D. Estrin, Sirota & Associates, P.C., Brooklyn, N.Y.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Allen W. Hausman, Senior Litigation Counsel; Nancy E. Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Viktoriya Stasyshyn, a native of the Soviet Union and a citizen of Ukraine, seeks review of a December 11, 2012, decision of the BIA affirming the April 27, 2011, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Stasyshyn*, No. A088 935 745 (B.I.A. Dec. 11, 2012), *aff'g* No. A088 935 745 (Immig. Ct. N.Y. City Apr. 27, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Yang v. U.S. Dep't Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Asylum**

We dismiss the petition to the extent Stasyshyn challenges the pretermission of her asylum application as

2

untimely.  We generally lack jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B),(a)(3).  Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), Stasyshyn challenges only the IJ's factual findings as to the credibility of her testimony regarding her reasons for waiting more than a year after her arrival in the United States to file for asylum.  We are therefore without jurisdiction to review Stasyshyn's challenge to the agency's finding that her asylum application was untimely.

**II. Withholding of Removal and CAT Relief**

We also deny the petition as to withholding of removal and CAT relief because the IJ's adverse credibility determination is supported by substantial evidence.  For applications subject to the REAL ID Act of 2005, such as Stasyshyn's, the agency, "considering the totality of the circumstances," may base a credibility finding on any inconsistency, including ones that do not go to the heart of the claim.  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

3

The agency reasonably based its adverse credibility determination on several inconsistencies between Stasyshyn's written application and oral testimony. Stasyshyn does not contest that these inconsistencies exist in the record; instead, she argues that they are insubstantial. However, the agency relied on inconsistencies regarding the main incidents of alleged persecution—particularly Stasyshyn's changing story of her detention—and an omission from her application of the main evidence of her fear of future harm, threats to her mother and children in Ukraine.

Given these inconsistencies, the "totality of the circumstances" supports the agency's adverse credibility determination: inconsistencies between her written application and testimony go to the heart of her allegations that she was subjected to past persecution and will likely be persecuted in the future. *See Xiu Xia Lin*, 534 F.3d at 167. Stasyshyn's evidence regarding country conditions, which she claims corroborates her statements, does not resolve the inconsistencies in her own testimony, and thus provides no basis to overturn the adverse credibility determination.

4

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk